**BRANIFF AIRWAYS, INCORPORATED, a Nevada corporation, et al., Plaintiffs,**

v.

**MINNEAPOLIS–ST. PAUL METROPOLITAN AIRPORTS COMMISSION, Defendant.**

**No. 3–74–Civil–156.**

United States District Court, D. Minnesota, Third Division.

July 14, 1974.

Richard E. Kyle, Leonard J. Keyes and Jonathan H. Morgan, St. Paul, Minn., for plaintiffs.

Gordon Shepard and Wayne G. Faris, St. Paul, Minn., for defendant.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

Plaintiff Airlines move for a temporary injunction against enforcement of defendant Airport Commission's Ordinance # 44, scheduled to become effective July 15, 1974, which seeks to regulate shipments of radioactive materials at defendant's Minneapolis-St. Paul Airport.

Plaintiff's principal contention is that the defendant is without authority to enact such an ordinance because, under the United States Constitution, Article VI, Clause 2, this field of regulation has been preempted by the federal government and is being regulated by the Atomic Energy Commission, Federal Aviation Agency and Department of Transportation.

Defendant denies applicability of the preemption doctrine and argues that the proposed ordinance fills a void in the federal regulatory scheme, principally by providing a compulsory monitoring system of radioactive materials at Minneapolis-St. Paul Airport to insure compliance with federal standards and regulations in the interest of protecting the health of airline and airport employees and the traveling public.

Affidavits and briefs have been filed. Arguments were heard at Fergus Falls, Minnesota on July 11, 1974.

Plaintiff's strongest argument is on the law. It is urged that the preemption doctrine governs, and the recent Northern States Power Company case involving its Monticello, Minnesota nuclear plant [1] is persuasive, but the applicability of the doctrine here is not at all certain. Defendant makes argument that this field of government regulation, a new and expanding one, has not been pervasively occupied by the federal government. It is undisputed that there is no federal law or regulation providing for monitoring to insure compliance with federal rules governing packaging, marking and transportation of radioactive materials. The principal thrust of the proposed ordinance is to provide such a monitoring system. Defendant argues, therefore, that the proposed ordinance complements, but does not supplant or contravene, federal regulatory policy and is an appropriate exercise of local legislative authority to protect the health and welfare of Minnesota citizens.

In view of the limited time available between the filing of the motion and the

1. Northern States Power Co. v. State of Minnesota, 320 F.Supp. 172 (D.Minn.1970), aff. 447 F.2d 1143 (8 Cir. 1971), aff'd 405 U.S 1035, 92 S.Ct. 1307, 31 L.Ed.2d 576 (1972).

effective date of the ordinance, I have not been able to review all the pertinent court decisions or to reach a definite conclusion as to plaintiffs' likelihood of success on the merits.

▆ The likelihood of prevailing on the merits is one factor to be considered in granting or denying a motion for temporary injunction. Other factors are the likely harm to be suffered by the parties and the public by the grant or denial of the injunction. Here the plaintiffs do not make a persuasive showing.

The ordinance will require the airlines to train and supervise its employees to perform the monitoring but this is not a burdensome or time-consuming task. Shippers and receivers, and ultimately the consuming public, not the airlines, must pay this expense. The defendant Commission has determined that the additional expense is justified by the greater measure of safety effected by monitoring and that it should protect itself from possible liability occasioned by spillage or other mishap. Certainly that is a permissible judgment for it to reach.

There is substantial evidence in the record to justify defendant's apprehension about handling radioactive materials at its airport without adequate monitoring. This same evidence prompts the Court to conclude that there is possibility of potential harm to airport and airline employees and to the public if the ordinance is aborted and the injunction granted. There now is no monitoring by federal agencies to insure compliance with the standards and there is a showing of many violations. The United States General Accounting Office, in a May 1, 1973 report, concluded that "Hazardous materials shipments present an increasing danger to public safety." Testimony before a committee of the United States House of Representatives at hearings in 1971, 1972 and 1973 reflected substantial dangers involved in the present methods of handling of hazardous materials.

A persuasive fact to the Court is that the federal government, on the basis of apparent need, has proposed and likely soon will adopt, a system for monitoring shipments of radioactive materials substantially the same as that provided in Ordinance # 44. It will provide an adequate uniform system of inspection and monitoring of the federal standards. Federal Register, Vol. 39, No. 81, 14612, April 25, 1974. Counsel for plaintiffs stated that the airlines favor the proposed federal monitoring regulation. I see no harm to the airlines, then, for the Airports Commission to start enforcing now a needful monitoring system which later will be effected uniformly throughout the country; and I see possible potential harm to airport and airline employees and the public if effectuation of such a meritorious safety practice is postponed. It isn't worth the risk even though plaintiffs appear to have substantial precedential support for their view of the preemption issue.

▆ Balancing all factors involved— likelihood of success on the merits, possible harm to plaintiffs if the injunction is denied, possible harm to defendant and employees if the injunction is granted, and the very important interest of the public welfare—I conclude that the ordinance should take effect and the motion for a temporary injunction should be, and is, denied.